HOBART M. KELLS, Plaintiff, *v.* JULIA BOUTROSS, Individually and as Executrix of GEORGE M. BOUTROSS, Doing Business under the Name of BOUTROSS BROTHERS, Defendant.

Supreme Court, Special Term, New York County, February 26, 1945.

*Charles Brouda* for plaintiff.

*Joseph W. Ferris* and *Lawrence Kovalsky* for defendant.

SHIENTAG, J. The action is by an employee to recover wages. The plaintiff moves to strike out the first and second defenses set up in the answer as insufficient in law. For the purposes of this motion the truth of the facts alleged in those defenses must be assumed. The defenses allege that the sum sued for represents an increase in wages promised by the employer, without the approval of the National War Labor Board. It is further alleged that the agreement for the increase was in violation of Executive Order No. 9250 (7 Fed. Reg. 7871), as amended by Executive Order No. 9381 (8 Fed. Reg. 13083), promulgated by the President of the United States pursuant to the Inflation Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 961 *et seq.*); that the agreement is unenforcible; and that therefore the employee may not recover the amount of the unlawful increase.

The violation of the statute and of the orders made pursuant thereto is made a criminal offense, punishable by prison or fine

or both. The statute and the orders do not state specifically that an agreement made in violation of their provisions is unenforcible; hence the plaintiff argues that the only penalty for violation is for the criminal offense. The plaintiff is wrong. The court will not draw any such subtle distinctions in construing statutes so directly related to the war effort. Any agreement for an unapproved increase in wages is illegal; it is contrary to public policy and is not enforcible in the courts. Those consequences are implicit from the very nature of the statute and the orders issued thereunder. Denial of the relief is in direct conformity with the requirements of public policy, and is a most appropriate individual punishment for violation. The employee is not deprived of his right to sue for the amount of his former wage. He cannot come into court, however, and recover the amount of the unlawful increase. To permit him to do so would in effect amount to judicial sanction for the commission of what is made a criminal offense.

The motion to strike out the defenses is accordingly denied. Settle order.