ROBERT HOFFMAN, Plaintiff, *v.* ROB ROY COMPANY INC., Defendant.

City Court of the City of New York, Special Term, New York County, November 16, 1948.

*Max A. Goldhill* for defendant.

*Myron Butler* for plaintiff.

CARLIN, J. The motion to dismiss the second alleged cause of action for insufficiency on its face is denied.

The plaintiff has alleged, in that count, that his compensation as an employee of the defendant was reduced in March, 1945, without the approval of the Wage Stabilization Board, and in derogation of a regulation of that board under which compensation of an employee earning less than $5,000 per year could not

be reduced without the board's approval,— a regulation adopted pursuant to the provisions of the Stabilization Act of 1942. (U. S. Code, tit. 50, Appendix, § 961 *et seq.*) It is true that the statute and the regulations of the National War Labor Board (whose powers were on January 3, 1946, taken over by the Wage Stabilization Board) do not in explicit terms give the employee a right of action to recover the difference between the compensation to which he was entitled and the compensation which he received in the reduced amount. However, the attempted reduction in compensation was unlawful and the courts will give no effect to it. It will be considered that the employer has unlawfully withheld a part of the compensation earned by his employee.

In *Kells* v. *Boutross* (184 Misc. 206) it was held that an agreement for a wage increase without the approval of the National War Labor Board would not be enforced in the courts. The rule should work both ways. The reasoning of the *Kells* case (*supra*) is applicable to this situation which is the reverse of the one considered in that case.